**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES R. PELLIEN,, )<br>           )<br>       Plaintiff,     )<br>           )<br>    vs.      )<br>           )<br>JO ANNE B. BARNHART,   )<br>Commissioner of Social Security, et al., )<br>           )<br>       Defendants.    ) | No. CV- 03-1162- PHX- SMM<br><br>**ORDER** |

Pending before the Court is Plaintiff counsel's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406 (b) (Doc. 30), filed June 2, 2006. After considering the motion and the Response filed by the Social Security Administration (SSA), the Court finds the following.

**BACKGROUND**

On June 17, 2003, counsel filed a complaint for judicial review of the decision of the SSA finding Mr. Pellien not disabled under the Social Security Act and not entitled to Disability Insurance Benefits under Title II of the Social Security Act. Counsel prepared and filed a Motion for Summary Judgment based on 294 page administrative record. Thereafter, the parties entered into a stipulation for remand pursuant to sentence 4 of the Social Security Act. The Court accepted the stipulation and issued and Order of Remand on February 20, 2004.

**DISCUSSION**

The Court may award to an attorney "a reasonable fee" for his representation of a claimant who was awarded past due benefits. 42 U.S.C. §406(b)(1). The fee however may not exceed 25% of the total of the past due benefits. *Id*. In *Gisbrecht v. Barnhart*, the Untied States

Supreme Court instructed courts to "approach [§406(b)] fee determinations by looking first to the contingent fee agreement, then testing it for reasonableness." 535 U.S. 789, 808 (2002). In their discretion, courts may reduce the contingent fee if the fee is out of line with "the character of the representation and the results...achieved," delay by counsel, or if the amount of past due benefits is "large in comparison to the amount of time counsel spent on the case." *Id*. Additionally, an award of 406(b) fees is offset by any award of attorney's fees granted under the Equal Access to Justice Act (EAJA). 28 U.S.C. §2412; *Gisbrecht*, 535 U.S. at 796.

On February 20, 2004, pursuant to a stipulation for voluntary remand by the parties, the Court remanded this case to the Commissioner for further proceedings. Thereafter, the SSA issued a fully favorable decision to Plaintiff. The decision entitled Plaintiff to receive past-due benefits in the amount of $65, 036.20. Plaintiff's counsel seeks payment of $9,257.55 (minus $4,500.00 for the EAJA fees previously paid) from the past due benefits payable to Plaintiff.[1]

Plaintiff's counsel's request for $9,257.55 for 35.80 hours expended in litigation amounts to an effective rate of $258.60 per hour. "Since *Gisbrecht*...the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rate may exceed those for non-contingency fee arrangements. *Hearn v. Barnhart*, 262 F.Supp. 2d 1033, 1037 (N.D. Cal. 2003). In determining the reasonableness of this amount, the Court considered the bases set forth in *Gisbrecht*. The Court finds that none of the bases for the reduction of contingency fees are applicable in this case. First, the results achieved in this case are substantial, such as the past-due benefits in the amount of $65, 036.20. Second, there was no question as to the quality of representation and counsel was not responsible for any delay in the case. Third, the amount of past-due benefits is not overly large in comparison with the number of hours expended on the case.

---

[1] The requested amount of §406(b) fees will be subject to the offset of the $4,500.00 EAJA award which Plaintiff's counsel previously received.

- 2 -

1 Moreover, the Court notes that the contingent fee agreement placed the risk of loss on
2 counsel. Finally, given counsel's expertise in the field, the Court finds that the contingent
3 fee is reasonable.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's counsel Eric G. Slepian's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406 (b) (Doc. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that attorney Eric G. Slepian is awarded $9,257.55 in attorney's fees, to be offset by the $4,500.00 previously awarded under the Equal Access to Justice Act.

DATED this 2nd day of April, 2007.

Stephen M. McNamee
United States District Judge